**IN THE COURT OF APPEALS OF IOWA**

No. 19-1058
Filed September 11, 2019

**IN THE INTEREST OF K.N.,**
**Minor Child,**

**S.C., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**

Mark A. Milder of Mark Milder Law Firm, Denver, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

Elizabeth Batey of Vickers Law Office, Charles City, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., Greer, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's rights and termination is in the child's best interests. We affirm the decision of the juvenile court.

### I.     Background Facts & Proceedings

S.C. is the mother of K.N., born in 2016.[1]  The mother has a history of contact with the Iowa Department of Human Services (DHS).[2]  The mother has an extensive criminal history.  She suffered from substance abuse related to methamphetamine and opioid addiction.  She had mental-health problems including bipolar disorder, anxiety disorder, post-traumatic stress disorder and attention-deficit hyperactivity disorder.  In this instance, the family became involved with DHS after the mother was arrested for possession of methamphetamine in December 2017.  The mother agreed to informally place the child in the care of a maternal aunt.  She later tried to take the child back, and the child was formally removed from the mother's care on February 16, 2018.

The child was adjudicated to be a child in need of assistance (CINA) under Iowa Code section 232.2(6)(n) (2018).  The juvenile court found the mother had been caring for the child while in the possession of methamphetamine and had not provided adequate care for the child.  On March 29, DHS moved the child to foster care.  The mother faced various criminal charges, including forgery, operating

---

[1]  The child's legal father, R.C., is not the child's biological father.  The biological father is unknown.

[2]  The mother has a significant previous history with the DHS, beginning in 1999, involving her four older children.  There were nine founded child-abuse reports on the mother.

while intoxicated, possession of a controlled substance, and theft. The mother was in jail from April to August. She then entered a residential correctional facility on August 30. On September 4, she had her first supervised visit with the child in over four months. Supervised visitation went well. Although there was not a strong bond between mother and child, the child was happy during supervised visitation. The mother never progressed to unsupervised visitation.

On February 8, 2019, the State filed a petition for termination of the parents' rights. The mother was released from the residential facility on March 25. She obtained housing and employment. She remained on probation and was subject to drug testing through the Iowa Department of Corrections. The mother complied with the drug-testing requirements of probation and had no positive drug tests. She did not, however, comply with requests for random drug testing by DHS. The mother's excuses for failing to comply with DHS requests for drug screens were not convincing. At the time of the termination hearing on May 30, the mother had started a new substance-abuse treatment program. She attended regular NA meeting and had a sponsor. However, she was not participating in individual therapy. She attended medication-management appointments but did not see the need to attend individual therapy for her significant mental-health issues. The mother testified the child could be returned to her care.

The juvenile court terminated the mother's parental rights under section 232.116(1)(h) and (*l*) (2019).[3] The court found the child could not be returned to the mother's care "at the present time." The court noted, "[The mother] is not

---

[3] The parental rights of the legal father were also terminated. He has not appealed.

participating in individual mental health treatment nor is she providing requested drug testing for [DHS]." The court also stated, "Neither of the parents have shown any insight into their own dysfunctional lifestyle or how their continued use of controlled substances has impacted the lives of their children." The court determined termination of the mother's parental rights was in the child's best interests and none of the exceptions in section 232.116(3) should be applied. The mother appealed.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State has the burden to prove the statutory grounds for termination of parental rights by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). We apply a three-step framework under Iowa Code chapter 236. *In re D.S.*, 806 N.W.2d 458, 465 (Iowa App. 2011). First, we determine if a ground for termination is established under Iowa Code section 232.116(1). *Id.* If so, we consider the best interest of the child under section 232.116(2) to decide if these grounds should result in termination of parental rights. *Id.* Finally, we consider whether any of the exceptions stated in section 232.116(3) weigh against termination. *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

**III.    Sufficiency of the Evidence**

**A.    Grounds for Termination**

The mother claims there is not sufficient evidence in the record to warrant termination of her parental rights.  "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We will consider the termination of the mother's parental rights under section 232.116(1)(h).

The mother disputes the fourth element of section 232.116(1)(h), which is whether the child could safely be returned to her care.  She states she has demonstrated sobriety and substantially stabilized her life.

The mother relies on *In re J.M.,* No. 17-1197, 2017 WL 4570489, at *4 (Iowa Ct. App. Oct. 11, 2017), holding the State failed to prove by clear and convincing evidence under Iowa Code section 232.116(1)(h)(4) that despite a drug relapse occurring during the proceedings, there was not a nexus between the mother's marijuana use and an appreciable risk of adjudicatory harm to the child.  There was no evidence the young mother there was ever under the influence of drugs while caring for the child.  *See J.M.*, 2017 WL 4570489, at *4.  She was actively engaged in substance-abuse treatment and was attending mental-health counseling.  *See id.*  She demonstrated a capacity to overcome her substance-abuse issues.  *See id.*  She attended parenting classes and performed well with visitation.  *See id.*  She was employed and financially stable.  *See id.* at *5.

We recognize some similarities between this case and *J.M.*  The mother works three jobs and is financially stable.  She maintains a suitable residence for

the child and is having success with supervised visitation. However, the mother fails to demonstrate insight into her substance-abuse and mental-health issues. She refuses individual mental-health therapy. During the CINA proceedings, the mother did not test positive on drug tests administered by her probation officer, but she did not comply with DHS drug-testing requirements. She had cared for the child while under the influence, and there is a substantial risk of reoccurrence without the mother's compliance with DHS requirements. Unlike *J.M.*, in this case, there is a nexus between the mother's drug use and a risk of adjudicatory harm to the child.

On our de novo review, we find there is clear and convincing evidence in the record to support a finding the child could not be returned to the mother's care at the time of the termination hearing, as required by section 232.116(1)(h)(4). The mother has a lengthy history of substance abuse and has not yet successfully completed a substance-abuse treatment program. At the time of the termination hearing, the mother had only been released from the residential facility for about two months and had not yet demonstrated she could maintain sobriety outside of a structured setting. Additionally, the mother was not participating in individual therapy to address her mental-health concerns. We agree with the juvenile court's conclusion, "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents . . . at the present time." *See* Iowa Code § 232.116(1)(h)(4); *see also In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting "at the present time" means at the time of the termination hearing).

We find the juvenile court properly found the mother's parental rights could be terminated under section 232.116(1)(h).

**B. Best Interests**

The mother contends termination of her parental rights is not in the child's best interests. In considering the best interests of children, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We find termination of the mother's parental rights is in the child's best interests. The child was about one and one-half years old when formally removed from the mother's care and DHS workers discovered the child had no routine medical care since the child was about four months old and was behind on immunizations. The child showed some developmental delays but made great progress once removed from the mother's care. DHS workers surmised, "[G]iven his recent progress, it may be that the delays were due more to environmental causes rather than a deficit in [the child's] abilities."

**C. Exceptions**

We find the mother had not been meeting the child's needs and termination of her parental rights is in the child's best interests. Furthermore, we find none of the exceptions in section 232.116(3) should be applied in this case.

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**